UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| CASEY BRYNTESEN, *et. al.*, | Case No. 2:13-cv-00491-BLW |
|---|---|
| Plaintiffs, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CAMP AUTOMOTIVE, INC., *et. al.*, | |
| Defendants. | |

# INTRODUCTION

Pursuant to the Court's CMO, the parties reached out to the Law Clerk assigned to this case for assistance in resolving some discovery disputes. Counsel diligently participated in two informal conference calls with the Law Clerk. During those calls, the parties resolved the majority of their differences. Only one minor discovery issue remains – the manner in which counsel may contact customers who entered into a borrowed vehicle agreement ("BVA"). The parties have filed short briefs on the issue, and the matter is now ripe for the Court to resolve.

# ANALYSIS

This Court has often recognized significant privacy concerns for third parties who have no involvement in a case. "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995) (*citing Breed v. United States Dist. Ct.*

*for Northern District*, 542 F.2d 1114, 1116 (9th Cir.1976). Resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted. *Id.*, 162 F.R.D. at 616.

Here, customers who entered into a BVA with Camp Automotive have a privacy interest in that information. Although on its face there is nothing particularly concerning about a customer having his/her BVA made public, there is a privacy interest nonetheless. Accordingly, the Court must balance that privacy interest with Plaintiffs' need for the information.

Plaintiffs suggest they need to communicate with other customers who entered into BVAs to show that Camp Automotive had a "broken process." Only customers who have complaints or other issues with the BVA process would potentially have relevant information. That is why, as discussed at the informal mediation, a letter to the customers offering them the opportunity to contact counsel if they would like to discuss the matter is sufficient. The only question is how much to tell the customers in the letter, and the process for having them contact counsel.

The Court finds that Camp Automotive's letter, with some modifications, will adequately protect the privacy interest of the customers while giving the customer an opportunity to discuss their BVA with counsel. However, the Court agrees with Plaintiffs that some context needs to be provided to the customer so they can intelligently decide whether they have any information which may bear upon the subject of the lawsuit. In addition, it appears to the Court that the customer may wish to speak to only the attorney

for the Plaintiffs or only the attorney for Camp Automotive, or both. Although the Court understands Defendants' concerns here, the Court finds that not giving the customers that option may chill their willingness to talk with anyone. Accordingly, the Court approves the following letter, which is largely based upon Camp Automotive's proposed letter:

> A lawsuit has been filed in the United States District Court of Idaho against Camp Automotive involving the dealership's loan of a car to a customer in May of 2013 while the customer's vehicle was being repaired. The loan of the car was done pursuant to a Borrowed Vehicle Agreement. The lawsuit is based on the dealership's alleged misfiling of paperwork regarding the loaned vehicle and the vehicle being incorrectly reported as stolen.
>
> You have been identified as a customer that entered into a Borrowed Vehicle Agreement at a Camp Automotive dealership between May 1, 2013 and July 1, 2013. You are not a party to this lawsuit.
>
> You are under no obligation to do so, but if you would like to discuss your experience in borrowing a car under the Borrowed Vehicle Agreement with Plaintiffs' attorney please call 208-666-4107. If you would like to discuss your experience in borrowing a car under the Borrowed Vehicle Agreement with Defendants'' attorney please call \*\*\*-\*\*\*-\*\*\*\*.[1] If you would like to discuss your experience in borrowing a car under the Borrowed Vehicle Agreement with the attorneys for both parties together please call 206-623-4100 and ask for Jennifer Hickman. Ms. Hickman will arrange a mutually convenient time for you to discuss this matter with the appropriate attorneys on the telephone.
>
> Your participation in this discussion is purely voluntary. Should you not desire to participate in such a discussion, you need not do anything.

---

[1] Counsel should insert defense counsel's telephone number here.

With regard to whether the letter should go only to store no. 52 customers (the store where Plaintiffs entered into a BVA) or store nos. 51 and 109 as well, the Court finds that it should go to all of them. First, the Court notes that we are only dealing with a short window of time – the two month period between May 1, 2013 and July 1, 2013. Thus, the number of customers is limited. Moreover, although Plaintiffs did not enter into a BVA with the other two stores, the close connection between the stores is enough to make any customer complaints about a BVA potentially relevant. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

## ORDER

**IT IS ORDERED:**

1. Defendants shall send a letter in the form set forth above to all customers who entered into a BVA with store nos. 51, 52, or 109 from May 1, 2013 to July 1, 2013. If a customer voluntarily chooses to partake in an interview with one or both of the attorneys for the parties, information obtained through any interview shall be subject to the discovery rules, and the parties shall be required to seasonably supplement any and all discovery pertaining to that customers' statements, per the Federal Rules of Civil Procedure.

DATED: July 11, 2014



_____
B. Lynn Winmill
Chief Judge
United States District Court