UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CASEY AND SHEREE BRYNTENSEN, husband and wife, C.B., A minor child, and J.B., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>CAMP AUTOMOTIVE, INC., a Washington Corporation d/b/a CAMP BMW; LITHIA MOTORS, INC., and Oregon Corporation; BMW OF NORTH AMERICA, LLC, a Delaware limited company; SCOTT GRUMBLY; MATTHEW RYDMAN; and STEVE WILSON, JOHN and JANE DOES 1-10, whose true names are unknown,<br><br>Defendant. | Case No. 2:13-cv-00491-BLW<br><br>**MEMORAND DECISION AND ORDER** |

### INTRODUCTION

The Court has before it Defendant Camp Automotive, Inc's, Lithia Motors, Inc.'s, Scott Grumbly's, Matthew Rydman's and Steve Wilson's Motion for Fees Pursuant to January 20, 2015 Order (Dkt. 143), and Plaintiffs' Ex Parte Motion to Seal BMW of North America, LLC's Motion for Summary Judgment Materials and Entry of Amended Protective Order (Dkt. 136).

**MEMORANDUM DECISION AND ORDER - 1**

ANALYSIS

**1.    Attorney Fees**

In an earlier motion, Defendants asked the Court to sanction Plaintiffs for late disclosure of three videos. The Court determined that Plaintiffs failed to timely disclose the videos as required by Rule 26(a) and (e), and that the late disclosure was not substantially justified or harmless – as is necessary to avoid Rule 37 sanctions. Dkt. 109. Accordingly, the Court sanctioned Plaintiffs by precluding them from using the videos on a motion, at a hearing, or at trial, and by ordering Plaintiffs to pay Defendants' fees and costs for bringing the motion for sanctions. Dkt. 109. The Court asked the parties to try to agree on the amount of those fees. The parties could not agree, and they have now asked the Court to make that determination.

Defendants ask for $8,895. Plaintiffs object to some of the fees, arguing that they include time spent on items for which no fees were awarded, and unreasonable, duplicative, and excessive time. The Court agrees with Plaintiffs' argument that time spent reviewing discovery, and time spent preparing for and participating in informal conferences with the Court's staff where multiple issues were at play, are not recoverable under the Court's Order.

But the Court disagrees with Plaintiffs assertion that Defendants' counsel spent unreasonable, duplicative or excessive time preparing the briefs on the motion for sanctions, or that the hourly rates are inappropriate. The time spent on the matter was reasonable, and the rates of $210 and $150 per hour are well within the reasonable rates in this district. To determine a reasonable hourly rate, the district court looks to hourly

**MEMORANDUM DECISION AND ORDER - 2**

rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir.2011) (per curiam). The "relevant legal community" is generally the forum in which the district court sits. *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir.2000).

After making these findings, the Court has combed through the list of attorney fees submitted by Defendants and determined that Defendants are entitled to recover $5,853 for time charged by attorneys Jackson and Shockley. Exhibit A to Jackson's declaration lists the time entries for which he claims fees. Although the entries are not numbered, there are 61 separate entries. The Court has determined that Defendants shall recover for entry numbers 2-15; 27-28; 33; and 45-61, totaling $5,103. Dkt. 144. Exhibit A to Shockley's declaration lists his time entries. If they were numbered, there would be 29 separate entries. Defendants are entitled to recover for entry numbers 21-22; and 26-29, totaling $750. Dkt. 144-1.

**2.     Seal**

Courts have historically recognized the public's general right to inspect, review, and copy public records and documents. This includes judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (Internal citation omitted). Access to judicial records is not absolute though. *Id*. Records traditionally kept secret for important policy reasons, such as grand jury transcripts and warrants, have not been subject to the right of public access. *Id*. For almost all other documents, a strong presumption of access is the starting point. *Id*.

**MEMORANDUM DECISION AND ORDER - 3**

Therefore, a party seeking to seal a judicial record bears the burden of overcoming the presumption by showing compelling reasons why material should be sealed. *Id*. The party must "articulate[ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (Internal quotations and citations omitted). The Court must not base its decision whether to seal documents on hypothesis or conjecture. *Id*. at 1179.

Generally, compelling reasons "exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. (Internal quotation and citation omitted). The mere fact that the production of documents may embarrass, incriminate or create further litigation for a party is not enough to compel a court to seal the documents. *Id*. The strong presumption of public access to judicial documents applies fully to dispositive pleadings because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id*.

Here, Plaintiffs ask the Court to seal the following documents: (1) Memorandum in Support of BMW's Motion for Summary Judgment of Dismissal; (2) BMW's Statement of Undisputed Facts in Support of Its Motion for Summary Judgment of Dismissal; (3) Exhibit A to the Declaration of Joe Hochman In Support of BMW's Motion for Summary Judgment of Dismissal (Casey Bryntesen's deposition excerpts);

**MEMORANDUM DECISION AND ORDER - 4**

and (4) Exhibit B to the Declaration of Joe Hochman In Support of BMW's Motion for Summary Judgment of Dismissal (Sheree Bryntesen's deposition Excerpts).

A review of the Memorandum in Support of BMW's Motion for Summary Judgment of Dismissal and BMW's Statement of Undisputed Facts in Support of Its Motion for Summary Judgment of Dismissal reveals that they do not contain the medical records which apparently concern Plaintiffs.[1] Even if they did, the Court could not seal the entire documents simply because of a brief reference to such documents. Accordingly the Court will deny the request to seal those documents in their entirety as requested by Plaintiffs.

The deposition transcripts of the Bryntesens do contain brief references to infidelity. But there is very little detail discussed other than the fact of infidelity. These limited references, although potentially embarrassing to Plaintiffs, are not enough for Plaintiffs to meet their burden of overcoming the presumption that the documents remain public by showing any compelling reason why material should be sealed. Embarrassment does not outweigh the general history of access and the public policies favoring disclosure. *Id.* Accordingly, the Court will deny the motion.

---

[1] If the Court overlooked a specific document, Plaintiffs may file another motion asking the Court to seal specific documents or specific references to documents. The Court will still need to apply the balancing test set forth above, but the Court will entertain the motion. However, the Court will not seal entire documents based upon general references to medical records – particularly when the documents are not apparent to the Court.

# ORDER

**IT IS ORDERED:**

1. Defendant Camp Automotive, Inc's, Lithia Motors, Inc.'s, Scott Grumbly's, Matthew Rydman's and Steve Wilson's Motion for Fees Pursuant to January 20, 2015 Order (Dkt. 143) is **GRANTED in part** and **DENIED in** part. Plaintiffs shall pay Defendants $5,853 in fees for the sanctions imposed by the Court in its earlier Order.

2. Plaintiffs' Ex Parte Motion to Seal BMW of North America, LLC's Motion for Summary Judgment Materials and Entry of Amended Protective Order (Dkt. 136) is **DENIED**.

DATED: May 1, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court